932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MANN, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-2071.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1991.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Charles Mann, Jr., appeals the district court's judgment that affirmed the appellee's denial of his application for Social Security disability benefits under 42 U.S.C. Sec. 423. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for both parties have waived oral argument in this case.
 
 
 3
 Mann alleged that he became disabled on November 13, 1987, due to a head injury, the residual effects of a prior injury to his right hand and alcoholism. An administrative law judge (ALJ) issued a decision that denied Mann's claim. The ALJ considered the testimony of a vocational expert within the framework of the medical-vocational guidelines (grids) that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2. He then found that, while Mann could not perform his past work, there were a significant number of jobs that he could perform. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied further review on September 12, 1989.
 
 
 4
 A magistrate recommended that summary judgment be granted to Mann and that the Secretary's decision be reversed. However, on September 11, 1990, the district court entered a memorandum opinion and an order that rejected the magistrate's report and recommendation. The court found that Mann's testimony contradicted the report of his physician and supported the ALJ's finding that he could perform a limited range of light work. It is from this order that Mann now appeals.
 
 
 5
 The standard of review that applies to this case was articulated in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted).
 
 
 8
 Mann first argues that the ALJ did not pose an appropriate hypothetical to the vocational expert. To be meaningful, a vocational expert's testimony must be based on hypothetical questions which accurately portray the claimant's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir.1987). It is apparent that the vocational expert considered Mann's testimony and the medical evidence in the record. He was also asked to consider Mann's seizures and speech impediment. Based on this information, the vocational expert concluded that there were a significant number of light, unskilled jobs that Mann could perform.
 
 
 9
 Dr. Raiford's report indicates that Mann is limited to sedentary work. However, there is no other medical evidence in the record which indicates that Mann suffers any exertional limitations. While the statement of a treating physician is ordinarily entitled to substantial weight, Dr. Raiford's report was not entitled to special deference because it was not supported by sufficient medical data. See Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). In addition, the ALJ's finding that Mann could perform light work was also a determination that he could perform sedentary work. See 20 C.F.R. Sec. 416.967(b). When asked to consider the exertional limitations in Dr. Raiford's report, the vocational expert testified that there were a significant number of sedentary jobs that Mann could perform. See Davis v. Secretary of Health and Human Services, 915 F.2d 186, 189 (6th Cir.1990).
 
 
 10
 Mann argues that his ability to perform a wide range of light and sedentary jobs was further limited by the injury to his hand and by drowsiness that is caused by his prescribed medication. However, no specific limitations were ever noted by Mann with regard to his injured hand, and the injury was adequately described to the vocational expert in the hospital report that was submitted as an exhibit at his hearing. The drowsy effects associated with Mann's medication were also encompassed by Dr. Raiford's report and the ALJ advised the vocational expert that Mann would not be able to work "at heights, around dangerous and moving machinery, no climbing, and of course no driving of automotive equipment." Therefore, the vocational expert considered all of Mann's significant impairments before testifying. See Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927-28 (6th Cir.1987); Varley, 820 F.2d at 780. His testimony provides substantial evidence to support the Secretary's determination of non-disability when it is considered within the framework of the medical-vocational guidelines. See Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir.1987).
 
 
 11
 Mann also argues that the ALJ improperly evaluated his testimony concerning alcohol abuse. Mann's testimony indicates that he had been a "very heavy drinker" before his last injury. However, he also stated that he had stopped drinking more than six months before the administrative hearing. Mann argues that the ALJ should not have credited his testimony insofar as it indicated that he had quit drinking. However, the ALJ relied on psychiatric reports to support his finding that there were no physical or behavioral abnormalities arising from alcohol abuse. Thus, the ALJ was not required to challenge Mann's testimony that he had stopped drinking because his testimony was not contradicted by "symptoms, signs and laboratory findings." Gerst v. Secretary of Health and Human Services, 709 F.2d 1075, 1079 (6th Cir.1983) (per curiam).
 
 
 12
 Finally, Mann argues that he did not make an informed waiver of counsel at his administrative hearing. However, the record shows that the ALJ satisfied his duty to advise Mann of his right to counsel and offered to adjourn the hearing so that Mann could obtain counsel or someone to be his representative. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986). Mann elected to go ahead with the proceedings after the ALJ clarified his right to appeal. The ALJ carefully considered all of the medical evidence in the record and he allowed Mann to supplement his testimony at the hearing. The ALJ and the vocational expert considered all of Mann's significant impairments that were corroborated by objective medical proof. Thus, the ALJ also developed an adequate record to support the Secretary's decision. See Born v. Secretary of Health and Human Services, 923 F.2d 1168 (6th Cir.1990).
 
 
 13
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation