977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene EDNEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5251.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Eugene Edney appeals a judgment which affirmed the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in this case.
 
 
 2
 Edney's insured status expired on December 31, 1985, when he was 50 years old. He alleged that he became disabled on September 1, 1980, due to back trouble and hernia surgery. A hearing was held before an administrative law judge ("ALJ"), who found that Edney was not disabled because he did not have a severe impairment. Upon remand from the Appeals Council, the ALJ issued a second opinion in which he found that Edney was not disabled because he could still perform his past work. The district court remanded the case for further consideration of Edney's physical restrictions. The ALJ subsequently found that Edney was not disabled because he could still perform a significant number of light jobs. This opinion became the final decision of the Secretary on July 15, 1991, when the Appeals Council denied Edney's request for further review. The district court, adopting a magistrate judge's recommendation, awarded summary judgment to the Secretary on January 10, 1992. It is from this judgment that Edney now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). A de novo review of the record indicates that there is substantial evidence to support the Secretary's determination that Edney was not disabled.
 
 
 5
 The ALJ ultimately found that Edney had not engaged in any substantial gainful activity since September 1, 1980, the alleged onset date of his disability. He found that Edney had a low normal I.Q. as well as a history of multiple hernia repairs and low back pain which limited his ability to perform light work. However, the ALJ also found that Edney was able to perform a significant number of light jobs. Relying on the testimony of a vocational expert, and using the framework of the medical-vocational guidelines that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.10, the ALJ thus found that Edney was not disabled.
 
 
 6
 Once a claimant demonstrates that he cannot perform his past work, the burden shifts to the Secretary to show that a significant number of other jobs are still available to the claimant despite his impairment. Edney argues that the Secretary did not meet this burden because the hypothetical questions that were posed to the vocational expert did not include all of the physical restrictions that were outlined in a report from one of his treating physicians. This report indicates that Edney could only stand, walk or sit for four hours without interruption, that he should never climb, stoop, kneel, balance, crouch or crawl, and that his ability to push, pull and reach was affected by his impairments. A careful review of the record demonstrates that the vocational testimony "fairly takes into account" these restrictions. See Varley v. Secretary of HHS, 820 F.2d 777, 780 (6th Cir.1987). The ALJ accurately summarized his questions to the vocational expert as follows:
 
 
 7
 Dr. Brewer was asked to assume that the claimant was 50 years old, functioned with a marginal education as described on psychological testing and had the work background as he described, and to further assume that he was limited to light exertion as defined by Regulations with lifting of no more than 20 pounds and frequent lifting of no more than ten pounds, could not engage in constant or repetitive bending of any significance, twisting, stooping, squatting, working above shoulder level or work involving vigorous pushing and pulling or vigorous jostling or vibrations and could not work at unprotected heights. He was further asked to assume that the claimant would be required to alternate between sitting and standing approximately every half hour.
 
 
 8
 The vocational expert stated that over 60,000 entry level jobs would be available to a claimant with these restrictions, and that 60% of these jobs would still be available if the claimant could not stand or sit for more than four hours without interruption in an eight-hour day. Dr. Brewer's testimony thus provides substantial evidence in support of the Secretary's determination that Edney was not disabled.
 
 
 9
 Edney also argues that the ALJ incorrectly advised Dr. Brewer to consider a hypothetical claimant who was only 50 years old, whereas Edney was almost 55 years old when the ALJ issued his third opinion. This argument was not clearly presented to the district court and it will not be considered by this court for the first time on appeal. See Davis v. Secretary of HHS, 915 F.2d 186, 189 (6th Cir.1991).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.