979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martha J. CLARK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1445.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 1
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, Chief District Judge.*
 
 ORDER
 
 2
 Martha J. Clark appeals a judgment which affirmed the Secretary's denial of her application for social security disability benefits. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in their briefs on appeal.
 
 
 3
 An administrative law judge ("ALJ") found that Clark had carpal tunnel syndrome of her right wrist, possible osteoarthritis of the right foot, mild osteoarthritis of the left hip and a dysthymic disorder. He found that Clark could not perform her past work as a legal secretary even though her condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. These findings are not in dispute. However, the ALJ also found that Clark's allegations of disabling pain were not credible and that she was able to perform a significant number of sedentary jobs despite her impairments. The ALJ's opinion became the final decision of the Secretary on March 15, 1991, when the Appeals Council declined further review.
 
 
 4
 On February 28, 1992, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that Clark now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). Our review of the present case, indicates that substantial evidence supports the Secretary's conclusion that Clark could perform the exertional demands of light work. However, a remand is necessary to examine the vocational impact of Clark's nonexertional impairments.
 
 
 7
 Clark first argues that the ALJ failed to give proper deference to the opinion of her treating physician, Dr. Rottenberg. However, Dr. Rottenberg reported that an EMG showed some interval improvement of Clark's carpal tunnel syndrome, that her osteoarthritis and hypothyroidism were "mild" and that her thyroid condition, anemia and depression were being treated with medication. Therefore, the ALJ did not err by discounting Dr. Rottenberg's conclusion that Clark was completely disabled.
 
 
 8
 Clark also argues that the ALJ erred by finding that her allegations of disabling pain were not credible. However, a consultative report by Dr. Rusko indicated that the symptoms from Clark's carpal tunnel syndrome were mild, that she had a full range of motion in her wrist, and that she could return to her regular work with the aid of a wrist splint. In addition, a report by Dr. Morovitz indicates that Clark could perform medium work and that her ability to reach, finger, feel, push and pull was unlimited, even though she should avoid repeated handling that might abuse her wrists. Furthermore, a report by Dr. Gupta indicates that Clark could perform light work and that her ability to reach, handle, push and pull was unlimited, even though she should avoid "jobs requiring fine bimanual dexterity or repetitive finger movements." Thus, the medical record on the whole fails to show an orthopedic or neurologic condition that would reasonably give rise to disabling pain. See Blacha v. Secretary of HHS, 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam).
 
 
 9
 Since Clark cannot perform her past work, the Secretary must show that a significant number of other jobs are available to her despite her impairments. See Born v. Secretary of HHS, 923 F.2d 1168, 1173 (6th Cir.1990). The Secretary attempted to meet this burden with the testimony of a vocational expert, who testified that there were over 12,000 information clerk and receptionist jobs available to Clark if she could type from 10 to 15 minutes an hour throughout the day. Clark argues that Dr. Rottenberg restricted her from performing even this minimal amount of typing. However, the report cited in Clark's brief only indicates that her symptoms may worsen if she were required to type repetitively. Moreover, Clark testified that she could type for up to five minutes at a time. Therefore, the vocational testimony adequately describes Clark's exertional restrictions. See Davis v. Secretary of HHS, 915 F.2d 186, 189 (6th Cir.1990).
 
 
 10
 Finally, Clark argues that the ALJ did not give adequate consideration to her depression and the side effects of her medication which allegedly causes drowsiness. The ALJ relied on a psychiatric report by Dr. Fuller, who diagnosed Clark as having a moderate dysthymic disorder and described her as a "chronically depressed but still functioning woman without indications of impending decompensation." However, Dr. Fuller did not specifically assess Clark's ability to function in a work environment. A psychological assessment by Dr. Patterson indicated that Clark was "moderately limited" in her ability to understand, remember and carry out detailed instructions, her ability to maintain attention and concentration for extended periods, her ability to work with others without distraction, her ability to work a normal workday and workweek without interruption, her ability to accept instructions and criticism from supervisors, and her ability to get along with co-workers. In addition, a psychological report by Dr. Baker indicated that Clark suffered from "a depression of major proportions."
 
 
 11
 The vocational expert's testimony was not sufficient to carry the Secretary's burden of showing that other work was available to Clark despite her nonexertional impairments. See Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). The expert testified that Clark could not perform any of the jobs that had been described if she had the limitations that were described in Dr. Patterson's report. She indicated that Clark could not perform these jobs even if she had only one or two of the limitations, rather than all of them in combination. Moreover, the vocational expert did not indicate any other types of jobs that might be available to Clark despite these limitations.
 
 
 12
 Accordingly, the district court's judgment is vacated and remanded, with directions to remand Clark's case to the Secretary for development and clarification of the medical record regarding Clark's nonexertional impairments and the affect that those impairments have on her ability to sustain gainful activity. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief U.S. District Judge for the Northern District of Ohio, sitting by designation