983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne McNEAL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3514.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Wayne McNeal appeals a district court judgment affirming the Secretary's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in this case.
 
 
 2
 McNeal alleged that he became disabled on January 14, 1989, due to injuries that he had received in an automobile accident. An Administrative Law Judge ("ALJ") found that McNeal was not disabled because his impairments did not prevent him from performing a full range of sedentary work. The ALJ's opinion became the final decision of the Secretary on March 20, 1991, when the Appeals Council declined further review. The district court granted the Secretary's motion for summary judgment on April 6, 1992, and it is from this judgment that McNeal now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 McNeal suffered a comminuted fracture of the left femur, a cerebral concussion, a lacerated right eyelid, and blunt abdominal trauma. His current arguments center on the injury to his leg and residual pain to his back. The ALJ found that McNeal had a severe impairment which prevented him from performing his past work. However, the ALJ also found that McNeal retained the capacity to perform sedentary work as well as a limited range of light work. Thus, the ALJ determined that McNeal was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 201.28 and 202.21.
 
 
 6
 Once a claimant demonstrates that he cannot perform his past work, the burden shifts to the Secretary to show that a significant number of other jobs are available to the claimant despite his impairment. Atterberry v. Secretary of HHS, 871 F.2d 567, 569 (6th Cir.1989). The Secretary may not rely exclusively on the grids if a claimant is unable to perform a wide range of work at a given level. However, the Secretary properly relied on the grids to satisfy his burden here because substantial evidence supports the Secretary's finding that McNeal retained the ability to perform a wide range of sedentary work.
 
 
 7
 McNeal argues that his treating physician, Dr. Song, indicated that he was disabled from January 14, 1989 until at least April 1, 1990. The Secretary is not bound by a treating physician's opinion that the claimant is totally disabled if there is substantial evidence to the contrary. Hardaway v. Secretary of HHS, 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, it is not clear whether Dr. Song believed that McNeal would be totally disabled until April 1990 or merely unable to perform his past work which involved heavy labor in a hardware and lumber store. As noted above, the ALJ found that McNeal was not able to return to this type of work. Thus, it appears that the ALJ did afford Dr. Song's opinion appropriate deference by finding that McNeal was restricted to sedentary work and a limited range of light work.
 
 
 8
 McNeal argues that a finding of disability is also consistent with the opinion of his other treating physician, Dr. Tanzer. It could be argued that Dr. Tanzer's evaluation precludes working for a full, eight-hour day. However, the definition of substantial gainful activity includes part-time work. See 20 C.F.R. § 404.1572(a); Davis v. Secretary of HHS, 915 F.2d 186, 189 (6th Cir.1990).
 
 
 9
 McNeal argues that the ALJ relied on a "sit and squirm" test to discredit his testimony regarding the severity of his symptoms. However, an "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). McNeal also points out that the ALJ incorrectly stated that Tylenol No. 3 was a nonprescription medication, but the ALJ correctly noted McNeal's testimony which indicated that he did not use this medication on a daily basis. Moreover, the record does not demonstrate a medical condition that would reasonably be expected to give rise to continued, disabling pain. Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir.1986). Thus, the ALJ's finding that McNeal retained the ability to perform sedentary work is supported by substantial evidence in the record, and the Secretary properly relied on the grids to find that McNeal was not disabled.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.