993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rowena WHITNEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-3911.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Rowena Whitney appeals a district court judgment which affirmed the Secretary's denial of her application for social security disability benefits. The parties have waived oral argument. The panel agrees that oral argument is not needed.
 
 
 2
 Whitney alleged that she became disabled on September 28, 1987, due to carpal tunnel syndrome and a conversion reaction. An administrative law judge ("ALJ") found that Whitney was not disabled because she could still perform her past work. The ALJ also noted that a significant number of other jobs were available to Whitney despite her impairments. The ALJ's opinion became the final decision of the Secretary on July 30, 1991, when the Appeals Council declined further review. On June 24, 1992, the district court granted the Secretary's motion for summary judgment. It is from this judgment that Whitney now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 5
 Whitney's treating physician, Dr. Powers, reported that she suffered from a conversion reaction. He indicated that Whitney could only lift up to five pounds frequently and that she could not use her hands for repetitive actions such as grasping, pushing, pulling and fine manipulation. The Secretary is not bound by a treating physician's opinion if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, the ALJ relied on the opinion of a medical advisor, who testified that Whitney had a somatoform disorder, rather than a conversion reaction, and that her condition would improve if she returned to some kind of work. This opinion was consistent with the opinion of a consulting psychologist. Thus, the ALJ was justified in crediting the medical advisor's opinion over that of Dr. Powers. Hale v. Secretary of Health and Human Servs., 816 F.2d 1078, 1082-83 (6th Cir.1987) (per curiam). However, the medical advisor did not expressly dispute the limitations that Dr. Powers had placed on Whitney's physical activities.
 
 
 6
 Whitney had the burden of showing that she could no longer perform her past work. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir.1987). Whitney met this burden through the testimony of a vocational expert, who was presented with a series of hypothetical questions. The answers to all but one of these questions indicate that Whitney cannot perform her past work, even if her ability to use her right arm was only mildly limited. The Secretary may not rely on the remaining question because it did not fairly describe Whitney's physical and mental impairments. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987).
 
 
 7
 Once a claimant demonstrates that she cannot perform her past work, the burden shifts to the Secretary to show that a significant number of other jobs are available to the claimant despite her impairment. Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). The Secretary carried this burden by relying on the vocational expert's testimony regarding the availability of jobs that involved light work. As indicated above, one of the ALJ's hypothetical questions adequately described Whitney's impairments. In response to this question, the vocational expert identified over 2,000 jobs that Whitney could still perform in the central Ohio area. This testimony provides substantial evidence to support the Secretary's determination that Whitney was not disabled. See Davis v. Secretary of Health and Human Services, 915 F.2d 186, 189 (6th Cir.1990); Hall v. Bowen, 837 F.2d 272, 275 (6th Cir.1988).
 
 
 8
 Finally, Whitney argues that the ALJ erred by failing to credit her allegations of disabling pain. However, the ALJ did not err in discounting Whitney's testimony because the medical evidence does not indicate that the pain from her condition would preclude a limited range of light work. See Crouch v. Secretary of Health and Human Servs., 909 F.2d 852, 856-57 (6th Cir.1990) (per curiam).
 
 
 9
 Accordingly, the district court's judgment is affirmed.