107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Esther L. CANTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-5520.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1997.
 
 Before: CONTIE, RYAN, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Esther L. Canter appeals a district court order affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Canter filed an application for supplemental security income benefits alleging that she suffered from back pain. Following a hearing, an administrative law judge (ALJ) determined that Canter was not disabled because she could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Canter then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Canter contends that because she is unable to perform a full range of sedentary work, she must be found disabled. However, the medical evidence shows that Canter can perform sedentary work with some restrictions. Based on these restrictions, the ALJ asked a vocational expert whether there were jobs in the economy which Canter could perform. The vocational expert testified that Canter could perform such jobs as an assembler, packer, inspector, and sorter. As the vocational expert's testimony was based on a hypothetical question which accurately portrayed Canter's physical and mental impairments, the vocational expert's testimony constitutes substantial evidence to support the Commissioner's decision. See Davis v. Secretary of Health and Human Servs., 915 F.2d 186, 189 (6th Cir.1990); Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779 (6th Cir.1987).
 
 
 6
 Canter contends that the ALJ ignored the opinion of her treating physician. A review of the record shows that the ALJ did not ignore the opinion of Canter's treating physician.
 
 
 7
 Canter objects to the ALJ's evaluation of her pain. Credibility determinations regarding a claimant's subjective complaints of pain rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). As the medical evidence did not support Canter's claim of disabling pain, the ALJ's credibility determination was proper.
 
 
 8
 Canter also feels that the ALJ failed to give proper weight to her subjective complaints of pain. Although Canter obviously suffered from a condition which could cause disabling pain, given the opinions of the treating and consultative physicians in the record, Canter's pain could not be considered so severe as to render her totally disabled.
 
 
 9
 Accordingly, we affirm the district court's order.