**Ronny E. HOWARD, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–6173.**

United States Court of Appeals, Sixth Circuit.

April 30, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

## *ORDER*

Ronny E. Howard appeals pro se from a district court judgment that affirmed the Commissioner's denial of his application for social security disability and supplemental security income benefits. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Howard had severe impairments consisting of: "history of epilepsy as a child with complaints of recurrence; bradycardia; chronic low back pain; rule out arthritis; urological complaints; coal workers pneumoconiosis; dysthymic disorder, NOS, late onset; anxiety disorder, NOS; and borderline intellectual functioning." The ALJ found that Howard could not perform his past work, even though his condition was not equal to any of the impairments in Appendix 1 of the regulations. These findings are not in dispute. However, the ALJ also found that Howard was not disabled because he retained the capacity to perform a limited but significant range of light and sedentary work.

The Appeals Council advised Howard that he could file exceptions to the ALJ's decision, but he did not do so. Instead, he filed a complaint in federal court. The district court awarded summary judgment to the Commissioner on August 9, 2001, and it is from this judgment that Howard now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

Howard does not dispute the ALJ's finding that he can perform the exertional requirements of light and sedentary work. However, since Howard could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. Thus, the ALJ posed the following hypothetical question to a vocational expert, regarding Howard's ability to perform light and sedentary work:

I want you to further assume that his demonstrated non-exertional impairments principally relating to restrictions would preclude him from any work requiring the climbing of any ropes, ladders and scaffolds and balancing or anymore than occasionally stooping, that he would be required to have an at will sit/stand option. That he would be precluded from exposure to environmental pollutants, such as dust, fumes, smoke, chemicals and noxious gases and the like. That ... he would be precluded from operating or driving any machinery or vehicles, working in unprotected heights. He would also be precluded from working at any job that would cause him to have to work overhead. Further assume that because of psychological or emotional problems he would have a limited but satisfactory ability to relate to co-workers, use judgment, function independently, maintain attention and concentration, understand, remember and carry out detailed instructions and relate predictably in social situations. He would be seriously limited, but not precluded in his ability to deal with the public, to deal with work stresses and to behave in an emo-

tionally stable manner. Due to border-line intelligent function he would need a, a low stress simple one two step instruction type environment.... 

The ALJ also asked the expert to assume that Howard suffered from mild to moderate pain.

Howard now argues that the ALJ gave too much deference to the opinion of a psychologist, James Leisenring, who examined him in 1999. However, the limitations that the ALJ described were also supported by the report of Dr. Maryman, who described Howard's condition as follows in August of 1997:

Based on this exam, it would appear that Mr. Howard does have sufficient cognitive ability that would permit him to understand, retain, and carry out simple to slightly more complex instructions and tasks. He was able to relate quite well with the undersigned and should be able to do the same with fellow workers and supervisors in a wide variety of work settings. It would also seem that he should be able to persist reasonably well in the performance of simple and repetitive tasks, and that he would also generally be able to make adequate adjustments to the stressors and pressures of a routine work atmosphere.

In addition, the ALJ's description of Howard's restrictions was consistent with the evaluations of Dr. Villaran in 1993 and Dr. Bushey in 1997. Thus, the assumptions in the ALJ's hypothetical question were supported by substantial evidence in the record. *See Davis v. Secretary of Health and Human Servs.*, 915 F.2d 186, 189 (6th Cir.1990); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 927–28 (6th Cir.1987).

In response to the ALJ's question, the vocational expert identified more than 74,-000 light and sedentary jobs in the surrounding four-state region and more than a million such jobs in the national economy that Howard could perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to him, even though he could not perform his past work. *See Harmon v. Apfel*, 168 F.3d 289, 291–92 (6th Cir.1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Howard was not disabled.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.