**Arthur THORNSBERRY,**
**Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Defendant–**
**Appellee.**

No. 01–6002.

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before MARTIN, Chief Circuit Judge;
KEITH, and KENNEDY, Circuit Judges.

*ORDER*

Arthur Thornsberry appeals a district court judgment affirming the denial of his application for supplemental security income ("SSI"). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thornsberry had filed a prior SSI application in 1990. Administrative Law Judge ("ALJ") James Kemper denied that claim, and the appeals council declined further review in 1992.

In his current application, Thornsberry primarily alleged that he was disabled due to lung problems and back pain. The case was initially referred to ALJ Charlie Andrus, and it is apparent that he denied Thornsberry's claim in 1995. However, the appeals council vacated this opinion and remanded the case for further proceedings.

Upon remand, the case was referred to ALJ Ronald Kayser, who conducted a second hearing on Thornsberry's current claim in 1997. The ALJ subsequently found that Thornsberry had severe impairments consisting of "chronic obstructive pulmonary disease secondary to tobacco abuse, borderline intellectual functioning, and passive aggressive personality traits," which precluded the performance of his past work, even though his condition was not equal to any of the impairments that are listed in Appendix I of the regulations. However, the ALJ also found that Thornsberry's testimony was not fully credible and that he was not disabled because he retained the capacity to perform a significant but limited range of light work. This opinion became the final decision of the Commissioner on March 7, 2000, when the appeals council declined further review.

Thornsberry then filed a timely complaint in federal court. The district court

adopted a magistrate judge's recommendation and dismissed the case on June 8, 2001. It is from this judgment that Thornsberry now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 389–90 (6th Cir. 1999).

■ The objections that Thornsberry filed to the magistrate judge's report included a challenge to the hypothetical question that the ALJ had posed to the vocational expert. However, his initial brief on appeal does not contain an express challenge to the substantive merits of the ALJ's specific findings. Thus, he has abandoned this issue for purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997). Nevertheless, we note that the assumptions in the ALJ's hypothetical question were adequately supported by the medical record, including the reports of Drs. Rigby and Potter. *See Davis v. Secretary of Health and Human Servs.,* 915 F.2d 186, 189 (6th Cir.1990). In response, the vocational expert identified more than a million light and sedentary jobs that were available to

Thornsberry despite his impairments. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that he was not disabled. *See Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir.1999).

■ Thornsberry argues that his case was not reviewed *de novo* on remand from the appeals council, because ALJ Kayser did not attach a Psychiatric Review Technique Form ("PRTF") to his opinion. The magistrate judge found that ALJ Kayser had adopted the PRTF that was attached to ALJ Kemper's opinion, and Thornsberry argues that the opinions were inconsistent. This argument fails because the cited portion of ALJ Kayser's opinion adopts the summary of medical evidence that was contained in ALJ Andrus's 1995 decision. Thus, the magistrate judge was mistaken in finding that he had incorporated ALJ Kemper's PRTF. This mistake does not require reversal because our court ultimately reviews the Commissioner's decision, rather than that of the district court. *See Maziarz v. Secretary of Health & Human Servs.,* 837 F.2d 240, 244 (6th Cir. 1987).

■ Thornsberry argues that the regulations require the ALJ to attach a PRTF to his opinion if the claimant is found to have a mental impairment. This argument fails because ALJ Kayser's opinion contained an extensive analysis of his mental impairments, which provides the essential information that would have been contained on a PRTF. Moreover, Thornsberry has not shown how he was prejudiced by the ALJ's failure to attach a separate form. Under these circumstances, he has alleged no more than harmless error that does not provide a sufficient basis for reversing the Commissioner's decision. *See Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir.1988).

■ Finally, Thornsberry argues that ALJ Kayser was biased against him. In

particular, he argues that the ALJ's credibility findings were tainted by his belief that Thornsberry had poor personal hygiene and callused hands, that he lived on the disability benefits of his wife and children, and that he had emptied his prescription bottles before bringing them to the administrative hearing. However, the ALJ properly considered the hearing testimony in light of the medical record before finding that Thornsberry was not fully credible. *See Walters,* 127 F.3d at 531–32. Thornsberry's argument also fails because a careful review of the hearing transcript and the ALJ's opinion reveals no significant evidence of judicial bias. *See Schweiker v. McClure,* 456 U.S. 188, 195–97, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

Accordingly, the district court's judgment is affirmed.