**Carl R. MIRACLE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SE-CURITY ADMINISTRATION, Defendant–Appellee.**

**No. 01–6437.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before SUHRHEINRICH and BATCHELDER, Circuit Judges; LITTLE, District Judge.*

Carl R. Miracle, through counsel, appeals the district court judgment affirming the Commissioner's denial of his application for social security disability benefits. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Miracle applied for disability benefits in April 1998, claiming that his disabling condition began on May 13, 1991. At the time of his June 1999 hearing before an administrative law judge ("ALJ"), Miracle was 49 years old, had a high school education, and had work experience as a heavy equipment operator. Miracle testified that he lived with his wife and daughter, that he did very little of the housework, but that he cut the lawn with a riding mower and took out the garbage. Miracle stated that he spent his days watching ball games, walking around the yard, and reading a little. He stated that he drove his pickup truck to the hearing and that he drove this vehicle once or twice a week. Miracle testified that he stopped working in 1991 when he was injured in a work-related

---

* The Honorable F.A. Little, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

accident. In this accident, Miracle fractured his left elbow and wrist. Miracle stated that his left elbow was successfully rehabilitated but that his wrist had never fully recovered. Miracle testified that he suffered from stomach problems (that he treated with various medications), low blood sugar (that was controlled by diet), and radiating pain in his neck and shoulders (that he treated with pain medication and hot baths).

Upon review of the medical and testimonial evidence, the ALJ found that Miracle had a medical history of: (1) a broken left arm; (2) general arthralgia (joint pain); (3) osteopenia (a reduction in bone mass); (4) reflex sympathetic dystrophy (constant, cycling pain following nerve trauma); (5) chronic nasosinus disease (in Miracle's case, sinus pain, inflammation, and infections); and (6) anxiety disorder. The ALJ found: that Miracle did not have an impairment which met or equaled the requirements of the Listing of Impairments, that Miracle could not return to his past work as a backhoe operator, but that Miracle could perform a limited range of light work. The ALJ found that Miracle's testimony regarding the severity of his impairments and their effect on his abilities was not entirely credible in the light of the degree of medical treatment Miracle has required and the reports of treating and examining physicians. Regarding the restrictions on Miracle's ability to do light work, the ALJ—among other limitations—noted that Miracle had a "limited but satisfactory ability to relate to co-workers, the public, supervisors, handle stress, [and] demonstrate reliability."

The Commissioner denied benefits at all stages of review. Miracle sought review of the Commissioner's decision in federal court. In a thorough, eight-page memorandum opinion, the district court set out its reasons for affirming the Commissioner's decision.

In his timely appeal, Miracle argues that the ALJ's hypothetical questions to the vocational expert were incorrect because they failed to paint a complete picture of his mental condition.

Our review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir.1995). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if we would decide the case differently, *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994), and even if the claimant's position is also supported by substantial evidence. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993).

Miracle's application for benefits reached the fifth step in the sequential analysis of disability claims. At this point, the Commissioner bore burden of "proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir.1999). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Miracle] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987). Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrayed Miracle's individual physical and mental impairments.

Upon review, we conclude that substantial evidence exists to support the accuracy of the ALJ's hypothetical question to the vocational expert. The ALJ determined

that Miracle could perform a limited range of light work. In his hypothetical regarding this level of work, the ALJ asked the vocational expert to assume an individual who had "a limited but satisfactory ability to deal with the public, to interact with supervisors, to deal with work stresses, and to demonstrate reliability."

Citing to our recent decision in *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir.2002), Miracle argues that this portion of the hypothetical failed to paint an accurate picture of his anxiety, his sole nonexertional limitation of record. Regarding Miracle's anxiety disorder, the record contains a single report. Dr. Chintamani R. Vora examined Miracle in October of 1998. At that time, Miracle reported that he took Xanax, an anti-anxiety medication, on a daily basis. Dr. Vora opined that Miracle suffered from organic anxiety disorder, that his ability to relate to others was fair, but that he suffered from poor frustration tolerance and poor impulse control. Dr. Vora prescribed psychiatric counseling and stated that his prognosis should be good with treatment. Dr. Vora further opined: "[Miracle's] ability to understand, retain, and follow instructions is good. [His] ability to sustain attention to perform simple repetitive tasks is good. [Miracle's] ability to relate to others is fair and the ability to tolerate the stress and pressures associated with day to day work activity is fair." The record does not reflect that Miracle pursued treatment, and neither he nor his representative mentioned a severe anxiety impairment or treatment for anxiety during the hearing before the ALJ.

Because the ALJ's hypothetical is virtually identical to Dr. Vora's medical findings, the report rises to the level of substantial evidence to support the accuracy of the hypothetical. Miracle, however, argues that the *Howard* decision required

more medical detail to be presented to the vocational expert. *Howard* is distinguishable. Unlike *Howard*, there was no substantial evidence (either medical or testimonial) that anxiety/depression disorder affected Miracle's residual functional capacity in a manner beyond what was expressed in the hypothetical, thus rendering the ALJ's hypothetical fatally inaccurate. *Cf. Howard*, 276 F.3d at 239 (noting that the faulty hypothetical ignored impairments substantiated by medical reports, treatment notes, and laboratory findings). An ALJ is not required to mirror a medical report to a vocational expert in order to accurately state a claimant's relevant impairments. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988) (observing the distinction between a mere diagnosis with an impairment and a severe impairment). Although the hypothetical did not recount all of Dr. Vora's observations, the hypothetical was a fair and accurate summation of Dr. Vora's uncontradicted findings regarding Miracle's abilities and overall mental and physical state.

Thus, the assumptions in the ALJ's hypothetical question were adequately supported by the medical record. *Davis v. Secretary of Health and Human Servs.*, 915 F.2d 186, 189 (6th Cir.1990); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 927–28 (6th Cir.1987).

Accordingly, we affirm the district court's judgment.