**Ola YOPP–BARBER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–1628.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

### ORDER

This is an appeal from a district court's judgment affirming the Commissioner's decision to deny a claim for disability benefits under the Social Security Act. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 3, 1996, Ola Yopp–Barber applied for disability benefits based primarily on limitations stemming from back pain. The matter was eventually referred to an administrative law judge (ALJ) who conducted an evidentiary hearing and recommended that the claim should be denied. This recommendation became the final decision of the Appeals Council and Yopp–Barber took an appeal to the district court on the authority of 42 U.S.C. § 405(g). The appeal was referred to a magistrate judge who recommended that the Commissioner's decision should be affirmed. The district court adopted this recommendation, over Yopp–Barber's objection, and this appeal followed.

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Counsel for Yopp–Barber brings one overarching issue for appellate review, namely, that the Commissioner's decision is not supported by substantial evidence. This court will review the Commissioner's decision only to the extent that the findings are supported by substantial evidence and whether he employed the proper legal standards in reaching his conclusion. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989). Counsel's claim under this general heading is more specific, that is, counsel maintains that the opinion of the vocational expert (VE) was not legally sufficient. An examination of the record and law supports the judgment on appeal in all respects.

Yopp–Barber was born on October 24, 1945, and last worked as a hospital floor support coordinator when she was laid off in March 1987. Yopp–Barber never returned to work. Instead, Yopp–Barber contended that she became totally disabled due to back pain as of January 30, 1990, and her insured status expired on December 31, 1992. It was thus incumbent upon Yopp–Barber to show that she was entitled to disability benefits as of December 31, 1992.

The medical evidence presented to the ALJ consisted largely of medical opinions and other diagnostic material post-December 31, 1992. The ALJ, concluded from the evidence presented that Yopp–Barber had a severe impairment that prevented her from performing her past work, but that she retained the residual functional capacity to perform sedentary work. Sedentary work is defined as work that generally requires sitting and never requires lifting more than ten pounds. The ALJ also heard testimony from a VE who opined that a claimant capable of sedentary work could perform the following jobs in the regional economy: receptionist (1,800 jobs), telemarketing (1,800 jobs) and

unskilled bench assembly (1,350 jobs). When counsel for Yopp–Barber asked if these figures were supported by statistical evidence, the VE answered in the affirmative. The ALJ then instructed the VE to provide the evidence upon written request by counsel for Yopp–Barber. The VE agreed, but there is no record showing that counsel for Yopp–Barber ever made such a written request. The ALJ thus concluded that there were sufficient jobs in the regional economy that Yopp–Barber was capable of performing and, therefore, she was not entitled to disability benefits.

The district court appeal was assigned to a magistrate judge who concluded that the Commissioner's decision should be affirmed. Counsel for Yopp–Barber objected only to the determination that the VE's testimony was credible and capable of supporting the Commissioner's determination. The district court overruled the objection and adopted the magistrate judge's recommendation. On appeal, counsel for Yopp–Barber again challenges the legality of the Commissioner's determination to deny benefits based on the VE's "unfounded" assessment of the number of jobs in the regional economy.

In general, expert vocational testimony in response to a hypothetical question accurately portraying a claimant's vocational abilities and limitations is substantial evidence that claimant is not disabled. *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990). This court may not judge the credibility of a VE de novo. *Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 481 (6th Cir.1988) (citations omitted). This leaves only the question of the qualifications of the VE in this case and the lack of supporting statistical evidence for his conclusion. Counsel for Yopp–Barber cannot now contest the general qualifications of the VE after *expressly conceding*

the qualifications in the hearing before the ALJ. Counsel also cannot complain of the failure of the VE to supply specific statistical evidence in the absence of an express request by counsel for those statistics. This is especially so in light of the VE's commitment on the record to supply the statistical proof if counsel were to make a formal request to that effect. The ALJ properly considered the opinion of a qualified VE as to the number of jobs in the regional economy in reaching the conclusion that Yopp–Barber was not entitled to disability benefits. There is no reason based in law or fact to disturb this determination. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.