993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leta Faye LOGAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-6493.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Leta Faye Logan appeals a district court judgment which affirmed the Secretary's denial of her application for supplemental security income. Her appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Both parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Logan alleged that she was disabled due to back pain, bursitis, obesity, borderline intelligence and a somatoform pain disorder. An Administrative Law Judge ("ALJ") found that Logan's allegations of disabling pain were not credible and that she was able to perform a significant number of sedentary jobs despite her impairments. That determination became the final decision of the Secretary on June 14, 1991, when the Appeals Council declined further review. On September 14, 1992, the district court granted the Secretary's motion for summary judgment. It is from this judgment that Logan now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). Upon review, we conclude that substantial evidence supports the Secretary's finding that Logan is not disabled.
 
 
 5
 The ALJ relied on a vocational expert's response to a hypothetical question when he found that Logan was not disabled. Logan argues that this question did not indicate that her ability to walk was severely restricted or that she was forced to lie down during the day because of pain. However, the question fairly described Logan's condition because it was wholly consistent with the limitations found in a consulting report by Dr. McAllister. See Davis v. Secretary of Health and Human Servs., 915 F.2d 186, 189 (6th Cir.1990).
 
 
 6
 Logan also argues that the ALJ employed the wrong standard when he discounted her allegations of disabling pain. Our court applies the following two-part test in evaluating a claimant's allegations of disabling pain:
 
 
 7
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 8
 Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). Logan argues that this standard has been superseded by Social Security Ruling 88-13. However, our court continues to evaluate pain under the Duncan test in conjunction with the Secretary's regulations and administrative rulings. See Jones v. Secretary, Health and Human Servs., 945 F.2d 1365, 1369-70 (6th Cir.1991). Moreover, the ALJ specifically stated that he had considered Logan's allegations of disabling pain under Ruling 88-13.
 
 
 9
 Logan argues that the Secretary may not rely solely on the absence of objective medical evidence to find that a claimant's allegations of disabling pain are not credible. Cf. 20 C.F.R. 416.929(c)(2); Blankenship v. Bowen, 874 F.2d 1116, 1123-24 (6th Cir.1989) (per curiam). However, an "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In the present case, the ALJ did note that Logan's allegations were not expressly supported by the reports of her treating physicians. However, he also cited Dr. McAllister's report, which clearly contradicts Logan's allegations regarding the severity of her pain. That report indicates that Logan's ability to sit is not affected by her impairment and that she can stand or walk for 1 to 2 hours in an 8-hour day.
 
 
 10
 Logan argues that Dr. McAllister's report focused on her hip impairment. However, the report also indicates that Logan did not complain of back pain during her examination, and there is no express indication that Dr. McAllister's findings excluded her alleged back impairment. Thus, Dr. McAllister's report provides substantial evidence to support the ALJ's credibility finding regarding Logan's allegations of severe pain. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 230-31 (6th Cir.1990) (per curiam). The report is also consistent with the impairments that were described by the ALJ in the disputed hypothetical question. The vocational expert's response to that question provides substantial evidence which supports the Secretary's ultimate determination that Logan is not disabled.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.