**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA J. GRAVITT,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-7156
(D.C. No. 97-CV-380-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Linda J. Gravitt appeals from the district court's order affirming the decision of the Commissioner of Social Security that she is not entitled to disability insurance benefits and supplemental security income disability benefits. After "closely examin[ing] the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards," Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995), we affirm.

Ms. Gravitt claims that she is disabled due to pain and other limitations arising from a right shoulder rotator cuff tear, and carpal tunnel and cubital tunnel syndrome in both hands and elbows. The administrative law judge (ALJ) determined at step five of the five-step sequential process,      see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that although she cannot return to her former position as tireworker, she can perform a reduced range of sedentary work. He therefore concluded Ms. Gravitt is not disabled within the meaning of the Social Security Act.

On appeal, Ms. Gravitt argues that the ALJ failed to properly evaluate her pain and other limitations. She also contends that the ALJ's determination was erroneous because the vocational expert identified a job with an insignificant number of positions available to her, in light of the distance she would have to travel from her rural home.

The medical evidence shows that Ms. Gravitt has undergone surgery on her right shoulder and both hands, during the period from September 30, 1992 to April 28, 1994. On August 1, 1994, her treating physician determined that she had reached maximum medical improvement, with a 16% permanent partial medical impairment of the whole person. The physician released her for work with permanent restrictions on lifting; pushing, pulling, and twisting; use of pneumatic or vibrating hand-held tools; and use of hands in repetitive working activities for more than three to five hours a day. On March 29, 1995, when seen for a consultative examination, Ms. Gravitt continued to complain of pain and limited use of her shoulder, pain in her elbows, and pain and loss of strength and dexterity in her hands.

Ms. Gravitt challenges the ALJ's determination that her subjective complaints of disabling pain are not fully credible. Concerning this issue, we must bear in mind that [c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). Here, the ALJ appropriately discussed the relevant evidence, including claimant's medical record, frequency of medical contacts, daily activities, level of pain medication, and motivation, and, based on that discussion,

found that Ms. Gravitt's pain was not as severe as alleged. See Kepler, 68 F.3d at 391 (addressing factors relevant to consideration of claimant's pain complaints and requiring the ALJ to affirmatively link credibility findings to substantial evidence). The record provides substantial evidence supporting the ALJ's credibility determination.

Similarly, there is support for the ALJ's determination that Ms. Gravitt has the residual functional capacity for a reduced range of sedentary work in spite of her severe musculoskeletal impairment. The ALJ's findings on this issue are fully consistent with the medical opinion of the treating physician and reconcilable with that of the consulting physician.

Ms. Gravitt also argues that the ALJ erred in finding that there are a significant number of jobs that she could perform. In response to the ALJ's hypothetical question concerning jobs available to a person with the limitations noted by the treating physician, the vocational expert (VE) identified the job of sedentary surveillance systems monitor. The VE testified there were 500 such jobs in Oklahoma and 70,000 nationwide. [1]

---

[1] Ms. Gravitt emphasizes the vocational expert's cross-examination testimony that the available surveillance systems jobs would be reduced by 50% for an individual with very limited hand movement. This fact is irrelevant to our disposition of the appeal. Based on his weighing of the evidence, the ALJ did not include this limitation in his RFC determination. See Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996) (hypothetical questions to the VE need only reflect

(continued...)

Ms. Gravitt contends that common sense dictates that most surveillance monitor jobs are in urban areas, and that her disability prevents her from traveling the distance from her rural home to perform such work. Essentially, she argues that, without the urban jobs, the occupational base does not contain the requisite significant number of jobs that plaintiff could perform and, therefore, she should be eligible for benefits. The argument is flawed.

If claimant's RFC is "not enough to enable [her] to do any of [her] previous work," the Commissioner "must decide if [she] can do any other work . . . that exist[s] in significant numbers in the national economy." 20 C.F.R. §§ 1561, 416.961. "[W]ork exists in the national economy when it exists in significant numbers either in the region where [claimant] live[s] or in several other regions of the country. It does not matter whether . . . [w]ork exists in the immediate area in which [claimant] live[s]."  Id., §§ 404.1566(a); 416.966(a).

Thus, "the number of jobs that contributes to the 'significant number of jobs' standard looks to the national economy--not just a local area." Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir. 1999). "Congress intended 'to provide a definition of disability which can be applied with uniformity and consistency throughout the Nation, without regard to where a particular individual may

---

[1](...continued)
impairments and limitations that are borne out by the evidentiary record).

reside. . . .'" Id. (quoting H.R. Rep. No. 544, 90th Cong., 1st Sess. 29, 30 (1967)). In "'tightening the definition of disability,'" Congress eliminated consideration of commuting difficulties as an influence on the disability determination. "'A person, otherwise able to work, is in effect offered a choice: he can choose either to commute the distance to his job or he can move closer and avoid the expense and inconvenience. Disability insurance is not available to fund his decision to live far from his job.'" Id. at 292-93 (quoting Lopez Diaz v. Secretary of Health, Educ. & Welfare, 585 F.2d 1137, 1140 (1st Cir. 1978)).

We will not disturb the ALJ's conclusion that Ms. Gravitt can perform work which exists in significant numbers in the local economy.

AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-