Shirley **HARMON**, Plaintiff–Appellant,

v.

Kenneth S. **APFEL, Commissioner of Social Security,** Defendant–Appellee.

No. 98–5412.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 26, 1999.

Decided Feb. 19, 1999.

Julie A. Atkins (briefed), Harlan, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Lexington, KY, Robert K. Gaskins (briefed), Dennis R. Williams (briefed), Mary Ann Sloan (briefed), Social Security Administration, Office of General Counsel, Region IV, Atlanta, GA, for Defendant–Appellee.

Before: MERRITT and MOORE, Circuit Judges; DUGGAN, District Judge.*

## OPINION

MERRITT, Circuit Judge.

Plaintiff appeals the judgment of the district court affirming the denial of supplemental security benefits. Claimant is not requesting review of the factual findings relating to her vocational profile or her residual functional capacity. Instead, the question presented is whether there are a significant number of jobs that the claimant can be expected to perform given the claimant's limitations and the distance she would be required to travel to find work. Because we find that the denial is supported by substantial evidence on the record as a whole, we affirm.

Plaintiff Shirley Harmon lives in Cumberland, Kentucky, a rural area. She applied for benefits in June 1994. Her primary complaint was debilitating back pain that necessitated that she sit or lie down most of the time. The ALJ found, and plaintiff does not dispute in this appeal, that plaintiff has the residual functional capacity to perform light work that allows her to alternate between sitting and standing every thirty minutes. Jobs such as retail receiving clerk, gasket inspector, shoe packer, gate tender, hardware assembler and switchbox assembler would be suitable with plaintiff's limitations. ALJ Decision of Sept. 20, 1995, at 7–8. The vocational expert testified at plaintiff's hearing that there are about 900,000 jobs of this kind nationwide, *id.* at 6,[1] and about 700 similar jobs within a 75–mile radius of plaintiff's home.

The Appeals Council denied plaintiff's request for review of the ALJ decision. Decision of October 2, 1996. Plaintiff appealed to the district court, which held that substantial evidence supports the ALJ's decision. Memorandum Op. dated Feb. 11, 1998. Plaintiff appealed to this Court.

To be entitled to disability benefits, claimant must establish a physical or mental impairment, lasting at least twelve months, that prevents her from engaging in any gainful activity. 42 U.S.C. § 423(d)(3). Plaintiff has the burden to establish an entitlement to benefits by proving the existence of a disability as defined in the Act. *Id.* A claimant establishes a *prima facie* case by showing that she is unable to perform her former work. The burden then shifts to the Secretary to show that claimant, considering her age, education, and work experience, can perform other work existing in significant numbers in the national economy. *Born v. Secretary of Health and Human Servs.,* 923 F.2d 1168, 1173 (6th Cir.1990). We must affirm the Commissioner's determination if it is supported by substantial evidence on the record as a whole.

On appeal, plaintiff contends that the district court erred in finding that substantial evidence supported the determination that she was not entitled to benefits because the ALJ erred in finding that there are a significant number of jobs in the local area that she could perform. Based on the vocational expert's testimony, the ALJ determined that there were about 700 jobs within a 75–mile radius of plaintiff's home that plaintiff would be able to perform. Plaintiff does not dispute this number but contends that her disability prevents her from traveling to most of those jobs and that inability to travel is a factor in determining whether plaintiff is disabled within the meaning of the Social Security Act. Plaintiff contends that the vast majority of the 700 jobs identified by the vocational expert were in the Kingsport, Ten-

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. We note that the hearing transcript reflects that the vocational expert testified that there were 900,000 of these kinds of jobs available nation-

wide. However, the number cited by the ALJ in his decision was 700,000. ALJ Decision at 6. Although the difference in figures has no impact on our decision herein, we will rely on the lower number cited by the ALJ.

nessee tri-city area, about 70 miles from plaintiff's home. The commute to these jobs would take plaintiff about an hour and one-half each way by car over hilly mountain roads. Plaintiff contends that because the restrictions used by the ALJ in the hypothetical recognized that she can stand or sit for only thirty minutes at a time, that restriction precludes her from driving to jobs in the tri-city area. In essence, plaintiff contends that when jobs in the tri-city area are eliminated from the "pool" of jobs that she could perform, there is not the requisite "significant number of jobs" that plaintiff could perform and she should therefore be eligible for benefits.

Plaintiff's argument suffers from two fatal flaws. First, the number of jobs that contributes to the "significant number of jobs" standard looks to the national economy—not just a local area. Second, while plaintiff is correct when she contends that travel to and from work is a factor to be considered, it refers to intrinsic factors concerning plaintiff's condition, not extrinsic factors such as where plaintiff has chosen to live in relation to any identified regional jobs.

The ALJ determined that 700,000 jobs constitutes a significant number in the national economy. The Social Security Act, as amended, provides that "work which exists in the national economy means work which exists in significant numbers *either* in the region where such individual lives *or* in several regions of the country." 42 U.S.C. § 423(d)(2)(A) (emphasis added). The Commissioner is not required to show that job opportunities exist within the local area. *Dressel v. Califano*, 558 F.2d 504, 508–09 (8th Cir.1977).

The regulations implementing the Social Security Act clarify this point: "It does not matter whether ... [w]ork exists in the immediate area in which you live...." 20 C.F.R. § 416.966(a)(1)(1997). However, the regulations also state that jobs "existing in the national economy" do not include "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [plaintiff] live[s]...." 20 C.F.R. § 404.1566(b). In determining whether the jobs identified are limited and

isolated, the factors to be considered include the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance the claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work and so on. *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988); *Stewart v. Sullivan*, No. 89–6242, 1990 WL 75248, at *4 (6th Cir.1990), (125 jobs in local geographic area and 400,000 jobs nationwide constituted "significant number of jobs" within the meaning of 42 U.S.C. § 423(d)(2)(A)). *Hall* went on to state that these factors were suggestions only—the ALJ need not explicitly consider each factor. The Act, its legislative history and the regulations make it clear that the test is whether work exists in the national economy, not in plaintiff's neighborhood. Certainly 700,000 jobs, with no indication of gross concentration in a few areas, is a "significant number of jobs in the national economy."

Furthermore, the fact that plaintiff lives 70 miles from the nearest metropolitan area is a factor extrinsic to her disability and is not to be considered. Congress intended to "provide a definition of disability which can be applied with uniformity and consistency throughout the Nation, without regard to where a particular individual may reside...." H.R.Rep. No. 544, 90th Cong., 1st Sess. 29, 30 (1967). As the First Circuit stated 20 years ago:

> Congress, tightening the definition of disability, eliminated consideration of travel difficulties when those difficulties were extrinsic to the claimed disability; the length and expense of commuting and the resulting inconveniences were no longer to influence a disability determination. A person, otherwise able to work, is in effect offered a choice: he can choose either to commute the distance to his job or he can move closer and avoid the expense and inconvenience. Disability insurance is not available to fund his decision to live far from his job.

*Lopez Diaz v. Secretary of Health, Educ. and Welfare*, 585 F.2d 1137, 1140 (1st Cir.

1978); *see also Meeks v. Apfel*, 993 F.Supp. 1265 (W.D.Mo.1997)(fact that jobs exist in metropolitan area 90 miles from plaintiff's home satisfies statutory test that jobs exist in "significant numbers"). In *Lopez Diaz* the question to be decided was whether the physical capacity to transport oneself to a job is relevant to a determination of "disability" as defined in the Act. Ms. Lopez Diaz stated that she had not worked for five years because her foot and leg pain prevented her from traveling to the city two hours away by public transportation, which included waiting for two or three buses each way. The Court held that individual considerations extrinsic to the disability itself cannot enter into a finding of disability.

Plaintiff here presents the same question as that in *Lopez Diaz*. By her own admission plaintiff can and does drive her automobile to transport herself, at least to some extent. The travel factor that plaintiff contends is relevant to her disability determination is therefore an extrinsic factor—that is, the long distance she must travel to the nearest metropolitan area and not simply a physical problem. Although we recognize and are sympathetic to plaintiff's plight, the law is clear that we may not base our decision on plaintiff's argument.

For the foregoing reasons, we affirm the judgment of the district court.