Miguelina ORTIZ–ROSADO,
Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 99–4242.

United States Court of Appeals,
Sixth Circuit.

June 12, 2001.

350

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Miguelina Ortiz–Rosado appeals a district court judgment that affirmed the Commissioner's denial of her application for supplemental security income. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ortiz–Rosado alleged that she became disabled in 1993, due to residual pain and weakness from a fractured forearm, diabetes, heart problems, anxiety, insomnia, and forgetfulness. An Administrative Law Judge ("ALJ") found that Ortiz–Rosado

had a severe physical impairment that precluded her past work, even though her condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, he also found that she did not have a severe mental impairment and that she was able to perform a limited range of light work. Thus, the ALJ relied on the testimony of a vocational expert to find that Ortiz–Rosado was not disabled because a significant number of jobs were still available to her. This opinion became the final decision of the Commissioner on May 28, 1998, when the Appeals Council declined further review.

A magistrate judge recommended that Ortiz–Rosado's case be remanded for further administrative proceedings on the ALJ's finding that she did not have a severe mental impairment. The district court rejected this recommendation and found that the ALJ had adequately considered Ortiz–Rosado's mental condition when he evaluated her residual functional capacity and the types of jobs that were available to her. Thus, the court entered a judgment in favor of the Commissioner on August 18, 1999. It is from this judgment that Ortiz–Rosado now appeals.

> Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.

*Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *See Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

Ortiz–Rosado first argues that the ALJ erred by not finding that she had a severe mental impairment. However, the ALJ adequately considered this impairment when he evaluated her residual functional capacity and the types of jobs that were still available to her. Thus, the ALJ did not commit reversible error, even if it is assumed that her mental impairment was severe. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987).

■ Substantial evidence supported the ALJ's finding that Ortiz–Rosado retained the capacity to perform the exertional demands of a limited range of light work. *See* 20 C.F.R. § 416.967(b) (1996). In particular, Dr. Sankoh's report indicated that Ortiz–Rosado could sit, stand and walk for six hours in an eight-hour workday. In addition, the consulting opinion of Dr. Rosenberg, as confirmed by Dr. Jones, indicated that she was able to perform the requirements of medium work, including activities that involved pushing and pulling. *See Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 927–28 (6th Cir.1987).

■ Since Ortiz–Rosado could not perform her past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to her. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). Thus, the ALJ posed the following hypothetical questions to a vocational expert:

> Q Okay. I'd like you to assume someone of the claimant's age, education and work background who is limited to light levels of work activity. No more

than moderate stress and is unable to read or write or communicate in English. Are there any jobs that exist in significant numbers in the national economy that such a hypothetical person could perform?

A Possibly ... a bench assembler which is considered unskilled, low level, low stress and that DOT code is 706.684–022 and that could be performed in the light exertional level, unskilled.

Q And about how many of those jobs are there in the national economy?

A Again I have to look at the fact that she, the individual cannot communicate in English so if she could be shown or this individual could be shown simple tasks and follow through.

Q Okay, well assuming that's the case.

A Okay in the light exertional level in the Northeast Ohio, 8,588. The state of Ohio 49,208. The U.S. economy 691,626.

. . . .

There would be [other jobs] such as a housekeeper in a private home where this individual could be shown what to do and ... that DOT code is 301.687–014 and that could be done in the light exertional level. Northeast Ohio, 1,209. The state of Ohio, 4,305 and in the U.S. economy 180,128.

Ortiz–Rosado argues that these questions did not reflect the opinion of her psychiatrist, Dr. Vazquez, who completed a form on April 12, 1996, which indicated that her ability to concentrate and deal with stressful work situations was poor. A treating physician's opinion is accorded great weight if it is consistent with the evidence and supported by clinical findings. However, it appears that Dr. Vazquez had examined Ortiz–Rosado on only one occasion before making the April 12th assessment. Moreover, Dr. Vazquez noted that Ortiz–Rosado was feeling "much improved" only two weeks later, and that she was stable, sleeping better, less depressed and better able to concentrate at that time. Thus, the ALJ gave adequate deference to Dr. Vazquez's opinion, by limiting the vocational expert to jobs that involved no more than moderate stress. *See Cutlip*, 25 F.3d at 287; *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir. 1993).

■ Ortiz–Rosado also argues that the ALJ's question did not include any non-exertional limitations other than a need to avoid stress. However, there is adequate support for the ALJ's finding that she was not significantly limited by other mental impairments. *See Her*, 203 F.3d at 390–91; *Maziarz*, 837 F.2d at 247. In this regard, we note that Ortiz–Rosado's testimony indicates that her alleged inability to sleep and concentrate is associated with stress.

Ortiz–Rosado also asserts that the vocational expert's testimony was ambiguous with regard to the number of jobs that would be available to an individual who was not fluent in English. This argument fails because the ALJ included the inability to communicate in English in his hypothetical question, before the vocational expert identified the jobs that were available to Ortiz–Rosado.

■ Finally, Ortiz–Rosado relies on Dr. Sankoh's report, dated June 17, 1994, insofar as it indicates that her "[a]bility to lift, to pull, push and carry is moderately to severely impaired at present." The ALJ was not required to include this limitation in his hypothetical question because the record indicates that it did not meet the twelve-month duration requirement. *See* 20 C.F.R. § 416.905 (1996). In this regard, we note that Drs. Rosenberg and Jones issued a report which indicated that Ortiz–Rosado's ability to push and pull was

no longer significantly limited on August 31, 1994. *See Hardaway,* 823 F.2d at 927–28. Moreover, Ortiz–Rosado's own testimony indicates that the pain in her arm is relieved by over-the-counter medication.

As indicated above, the assumptions in the ALJ's hypothetical question were adequately supported by the record. The vocational expert's response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Ortiz–Rosado, even though she could not perform her past relevant work. *See Harmon,* 168 F.3d at 291–92. Hence, there was substantial evidence to support the Commissioner's ultimate finding that she was not disabled.

Accordingly, the district court's judgment is affirmed.