Rose M. COMBS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 00–2249.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges;  HOOD, District Judge.*

Rose M. Combs appeals pro se from a district court judgment affirming the Commissioner's denial of her application for social security disability benefits.  Her appeal has been referred to a panel of this

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Combs had not worked since 1989, and that her insured status had expired on December 31, 1993. He found that she could not perform her past work because she had carpal tunnel syndrome, headaches, dizziness and a lesion, even though her condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Combs was not disabled because she could still perform a limited but significant range of light work. This opinion became the final decision of the Commissioner on October 16, 1998, when the Appeals Council declined further review.

■ The district court adopted a magistrate judge's recommendation over Combs's objections, and entered summary judgment in favor of the Commissioner on September 29, 2000. It is from this judgment that she now appeals.

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo,* make credibility determinations nor weigh the evidence.

*Brainard v. Secretary of Health and Human Servs.,* 889 F.2d 679, 681 (6th Cir.

1989) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 389–90 (6th Cir.1999). Moreover, Combs had the burden of producing evidence to establish her residual functional capacity. *See id.* at 391–92.

■ Since Combs could no longer perform her past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to her. *See Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir.1999). The ALJ met this burden by posing a series of questions to a vocational expert.

■ Combs now argues that she still has carpal tunnel syndrome. However, the ALJ adequately addressed this impairment by limiting the vocational expert to jobs that did not require repetitive hand movements. *See Blacha v. Secretary of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir.1990). In this regard, we note that Dr. Little opined that Combs could perform work that did not involve strenuous use of the upper extremities and that Dr. Weingarden reported that she had not suffered any loss of dexterity.

Combs also argues that the ALJ discounted the disabling impact of her headaches. This argument fails because she has not shown that this impairment precluded any specific work-related function or that it prevented her from performing a wide range of light and sedentary jobs. Indeed, Combs continued to work through 1989, even though she had experienced severe headaches since 1981. *See id.* Moreover, Combs has not cited any evidence which clearly shows that she suffered disabling headaches between the time that she stopped working and the expiration of her insured status in 1993.

She now suggests that the cause of her headaches may have been apparent if she had undergone a C–T scan and MRI prior to 1994. However, Dr. Torsch expressly indicated that her headaches were not related to the cystic lesion that was discovered in those procedures. In addition, Dr. Torsch and Dr. Shah both indicated that Combs's headaches could be controlled with medication. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (1993).

Finally, Combs argues that the ALJ did not give adequate consideration to her dizziness. However, she now admits that she did not have her first episode of dizziness until October of 1993, only two months before her insured status expired. Moreover, Dr. Jacobs indicated that this episode was successfully treated. Hence, this impairment cannot provide a basis for awarding disability benefits, as Combs has not shown that it satisfies the twelve-month duration requirement. *See Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988).

The assumptions in the ALJ's questions were adequately supported by the medical record. *See Davis v. Secretary of Health and Human Servs.,* 915 F.2d 186, 189 (6th Cir.1990). In response, the vocational expert identified more than 42,000 jobs in the state where Combs lived that she could still perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were available to her, even though she could not perform her past work. *See Harmon,* 168 F.3d at 291–92. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Combs was not disabled.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.