**Kenneth WILCOX, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 00–4192.**

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Kenneth Wilcox appeals a district court judgment that affirmed the Commissioner's denial of his applications for social security disability and supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed R.App. P. 34(a).

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

An Administrative Law Judge ("ALJ") found that Wilcox had severe impairments consisting of "vision loss in the right eye secondary to histoplasmosis retinitis, and scoliosis of the thoracic spine," even though his condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ found that Wilcox was not disabled because he could still perform the type of work that he had done in the past. In the alternative, the ALJ also found that Wilcox was not disabled because he retained the capacity to perform a limited but significant range of light work This opinion became the final decision of the Commissioner on October 26, 1998, when the Appeals Council declined further review.

The district court subsequently adopted a magistrate judge's recommendation and affirmed the Commissioner's decision on August 9, 2000. It is from this judgment that Wilcox now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. See *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

Wilcox first argues that the ALJ erred by not recognizing that he had a severe mental impairment. However, Wilcox's mental and emotional limitations were considered when the ALJ evaluated his residual functional capacity and the types of jobs that were still available to him. Thus, the ALJ did not commit reversible error by failing to make a specific finding that Wilcox's mental impairment was severe at an earlier stage of the analysis. See *Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987).

The ALJ found that Wilcox could no longer perform the specific past job that he had held as a press operator for a welding manufacturer. Nevertheless, he found that Wilcox was not disabled because he was still able to perform this type of work, as it is usually performed in the economy. See generally *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987). We need not reach this issue, as substantial evidence supports the ALJ's alternate finding that a significant number of other types of jobs were still available to Wilcox.

The ALJ based his alternate finding on the response of a vocational expert to the following hypothetical question:

[L]et's assume a hypothetical person of claimant's age, education and past work experience who should not lift over 25 pounds on, on occasion and 10 pounds frequently, should be able to alternate positions, should not repetitively bend or lift and should not do any job requiring fine visual acuity. Let's limit it to unskilled jobs, simple repetitive tasks. Are there any jobs that fit in the hypothetical?

Wilcox does not dispute the exertional limitations that are described in this question, and he has not challenged the ALJ's description of his visual impairment. Instead, Wilcox primarily argues that the

ALJ's question did not adequately describe his mental and emotional impairments.

A clinical psychologist, Dr. Carol Levine, evaluated Wilcox and administered a battery of tests in the summer of 1995. She noted that his intellectual functioning was adequate for his past work, even though "he has most likely been handicapped by his inability to modulate his emotions and to ask for his needs in an appropriate, respectful manner." We note that Dr. Levine did not place any restrictions on Wilcox's ability to perform specific work-related functions.

A non-examining psychologist, Dr. Roger Lewis, completed a residual functional capacity form which indicated that Wilcox was markedly limited in his ability to interact with the general public and moderately limited in several other areas. He summarized his conclusions as follows:

Claimant's mental condition restricts him from job duties which are complex, very fast paced, often changed, involve much contact with the public or even continuous interaction with co-workers due to irritability.

He retains the mental capacity for simple routine tasks at moderate pace in work settings with regular breaks, modest interpersonal demands and infrequent changes in routine or schedule.

This assessment was affirmed by another psychologist, Dr. Donna Winter.

Wilcox's treating physician, Dr. Polsley, completed a residual functional capacity form in September 1996, which indicated that Wilcox was markedly or extremely impaired in nearly every work-related skill that was involved in the general areas of adaptation, social interaction, and sustained concentration and persistence. He clarified the basis for his conclusions in an attached letter which provides in pertinent part as follows:

Mr. Wilcox has severe problems with socialization and adaptation to new environments. He is unable to learn new skills or tolerate instruction from others due to his borderline intellectual functioning and poor interpersonal skills. He remains moody and unpredictable and prone to aggressive or hostile responses under stressful situations.

In another assessment, dated September 1997, Dr. Polsley again indicated that Wilcox's ability to perform almost every non-exertional work-related skill was markedly or extremely limited.

Wilcox primarily argues that the ALJ's hypothetical question was inadequate because it did not include all of the work-related limitations that were noted by Dr. Polsley. A treating physician's opinion is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. See *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. See *id.*

■ In the present case, Dr. Polsley indicated that his opinion regarding Wilcox's mental and emotional limitations was largely based on conversations with Wilcox's previous employer and on the difficulties that he had experienced in his prior job. Thus, the ALJ properly discounted Dr. Polsley's opinion in this regard, as it was not "supported by detailed, clinical, diagnostic evidence in his reports." *Walters*, 127 F.3d at 530. In addition, Dr. Polsley's conclusion that Wilcox was totally disabled by his mental and emotional impairments was not consistent with the reports of Drs. Levine, Lewis and Winter. Under these circumstances, the ALJ gave adequate deference to Dr. Polsley's opinion, by finding that Wilcox could perform only a limited range of unskilled light work that involved simple, repetitive tasks. See *Her*, 203 F.3d at 390–91; *Cutlip*, 25 F.3d at 287.

In response to the ALJ's hypothetical question, the vocational expert identified more than 7,000 unskilled light and sedentary jobs in the local region that Wilcox could perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Wilcox, even if he could not perform his past work. See *Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir. 1999). Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Wilcox was not disabled.

Accordingly, the district court's judgment is affirmed.