**Douglas J. HUNTER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–1295.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

Douglas J. Hunter appeals pro se from a district court judgment that affirmed the Commissioner's denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, we unanimously agree that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Hunter had severe impairments consisting of neck and back pain, head- aches, a history of alcohol abuse and left knee pain. The ALJ found that these impairments precluded the performance of Hunter's past work, even though his condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Hunter retained the capacity to perform sedentary work that allowed him to switch positions. Thus, the ALJ relied on the testimony of a vocational expert to find that Hunter was not disabled because a limited but significant number of sedentary jobs were still available to him. This opinion became the final decision of the Commissioner on March 2, 2000, when the Appeals Council declined further review.

A magistrate judge issued a report recommending that the Commissioner's decision be affirmed. The district court adopted this recommendation over Hunter's objections, and dismissed the case on February 9, 2001. It is from this judgment that Hunter now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. *See Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 389–90 (6th Cir.1999).

Substantial evidence supports the ALJ's finding that Hunter could still perform a limited range of sedentary work. Hunter now directs the court's attention to medical reports which indicate that he has chronic pain and a herniated disc that affects the nerve root at L–3. However, the cited reports do not expressly indicate that he is unable to perform sedentary work. Moreover, the ALJ's findings regarding Hunter's ability to perform the exertional demands of sedentary work are adequately supported by other parts of the medical record.

Since Hunter could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir.1999). To satisfy this burden, the ALJ posed a hypothetical question to the vocational expert. Hunter now argues that the ALJ's question did not adequately describe an unidentified psychological disorder. In particular, he relies on a residual functional capacity assessment form, which indicated that his ability to complete a normal workday was markedly limited by psychologically based symptoms. This argument is unavailing because the ALJ specifically noted this assessment in his question to the vocational expert. *See Her,* 203 F.3d at 390–91. Moreover, the ALJ's findings regarding Hunter's nonexertional limitations are also fairly supported by the medical record.

In response to the ALJ's hypothetical question, the vocational expert identified approximately 55,000 unskilled sedentary jobs with a sit/stand option that Hunter could perform in the state where he lived. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Hunter, even if he could not perform his past work. *See Harmon,* 168 F.3d at 291–92. Hence, there was substantial evidence in the rec-ord to support the Commissioner's ultimate determination that Hunter was not disabled.

The magistrate judge noted that Hunter was currently in prison and found that he was not entitled to benefits for the period of his incarceration. *See* 42 U.S.C. § 402(x)(1)(A)(i). Hunter now argues that his incarceration is irrelevant. However, he waived appellate review by failing to make a specific objection to the magistrate judge's finding on this issue. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). At any rate, we need not reach the issue as there is substantial evidence in the record to support the Commissioner's conclusion that Hunter is not disabled. Thus, he is not entitled to benefits for any period.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.