**Patrick A. HEFLIN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–5717.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

* The Honorable George Caram Steeh, United States District Judge for the Eastern District

*ORDER*

Patrick A. Heflin appeals a district court judgment that affirmed the Commissioner's denial of his applications for social security disability and supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Heflin had left cervical thoracic myofascial strain which precluded the performance of his past work, even though his condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. These findings are not in dispute. However, the ALJ also found that Heflin's testimony was not fully credible and that he retained the capacity to perform a limited but significant range of light work. Thus, the ALJ relied on the testimony of a vocational expert to find that Heflin was not disabled because a significant number of other jobs were still available to him. This opinion became the final decision of the Commissioner on July 16, 1999, when the Appeals Council declined further review.

The district court adopted a magistrate judge's recommendation, and affirmed the Commissioner's decision on May 10, 2001.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

of Michigan, sitting by designation.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir.1999).

Heflin first argues that the district court erred by giving controlling weight to the opinions of two state doctors, who found that he was only 5% disabled in terms of his eligibility for worker's compensation benefits. He also takes issue with nearly every sentence in the district court's opinion. These arguments are unavailing because our review is primarily focused on the Commissioner's final decision as embodied in the opinion of the ALJ. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987). In this regard, we note that the ALJ did not rely directly on Heflin's 5% worker's compensation rating, even though it is mentioned in the body of his decision. Instead, it is apparent that the ALJ legitimately based his hypothetical questions to the vocational expert on the state physicians' evaluation of Heflin's ability to perform specific work-related functions, such as the ability to lift and reach. The ALJ's findings were also supported by other evidence in the record.

Since Heflin could no longer perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Her*, 203 F.3d at 388. Thus, the ALJ posed a series of hypothetical questions to a vocational expert, which described an individual who was only marginally literate and who had the residual functional capacity to perform a limited range of light work that would not require lifting more than 25 pounds occasionally or 15 pounds frequently with the left hand, and would not require more than occasional climbing or crawling, with no reaching, pulling or pushing with the left arm. In response, the vocational expert identified over 16,000 jobs that would be available to such an individual in Heflin's home state.

 Heflin now argues that the ALJ erred by discounting his allegations of disabling pain which precluded all work-related activities. However, a review of the record shows that the ALJ properly considered the medical record and Heflin's daily activities before finding that he was not fully credible. *See Walters*, 127 F.3d at 531. In addition, the assessments of Drs. Terry, Fishbein, Cowden and Miller provide substantial evidence to support the ALJ's credibility finding. *See id.* at 531-32; *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir.1993).

Heflin also argues that the ALJ improperly discounted his mother's testimony, insofar as it indicated that he suffered from disabling pain. This argument is unpersuasive because her testimony was not "fully supported by the reports of the treating physicians." *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir.1983). Moreover, it is apparent that the ALJ did give this testimony perceptible weight because he noted that it supported Heflin's testimony regarding his physical condition and activities. *See id.*

 Finally, Heflin argues that the ALJ erred in finding that a significant number of other jobs were available to him, because the ALJ relied on a hypothetical question that did not include his alleged need to recline for five hours a day. As noted above, however, substantial evidence supports the ALJ's finding that Heflin's allegations of disabling symptomatology were not fully credible. Moreover, the limitations assumed in the ALJ's hypothetical questions were amply supported by the medical record. *See Davis v. Secre-*

tary of Health and Human Servs., 915 F.2d 186, 189 (6th Cir.1990). Thus, there was substantial evidence to support the Commissioner's ultimate determination that Heflin was not disabled, as the vocational expert's response to the ALJ's hypothetical questions indicated that a significant number of jobs were still available to him despite his impairments. See Harmon v. Apfel, 168 F.3d 289, 291–92 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*