**Charles MOSS, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–5743.**

United States Court of Appeals, Sixth Circuit.

July 31, 2002.

Before: RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

*ORDER*

Charles Moss appeals a district court judgment that affirmed the Commissioner's denial of his applications for social security disability and supplemental secu-

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

rity income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In November of 1996, an Administrative Law Judge ("ALJ") continued a hearing on Moss's applications because his attorney had submitted a substantial amount of new documentary evidence. The ALJ then arranged an examination by a consulting psychologist, whose report was made a part of the record. The administrative hearing was finally held on November 12, 1997.

The ALJ subsequently found that Moss was unable to perform his past work because he had severe impairments consisting of "degenerative disc disease, dysthymia, a personality disorder, and upper borderline to low average intelligence," even though his condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Moss retained the capacity to perform a limited but significant range of light work. Thus, he relied on the testimony of a vocational expert to find that Moss was not disabled because a significant number of jobs were still available to him. This opinion became the final decision of the Commissioner on February 26, 2000, when the appeals council declined further review.

Moss filed a timely complaint in federal court, and a magistrate judge recommended that the Commissioner's decision be affirmed. The district court adopted this recommendation over Moss's objections, and dismissed the case on May 21, 2001.

The arguments on appeal mainly involve the reports of two psychologists. Wayne Fuller, M.A., examined Moss at his attorney's request in 1996. His report indicates that Moss had a fair or poor ability to perform the mental requirements of most work-related activities. Bruce Am-

ble, Ph.D., examined Moss in 1993 and again at the ALJ's request in 1996. His reports indicate that Moss's ability to perform the mental requirements of most work-related activities was moderately impaired. The ALJ also considered the testimony of a medical advisor, Dr. Dennis Anderson.

> This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

Since Moss could not perform his past work, the Commissioner was required to show that a significant number of other jobs were still available to him. Thus, the ALJ asked the vocational expert a hypothetical question which was adequately supported by the medical record, including Dr. Amble's report and Dr. Anderson's testimony. *See Davis v. Secretary of Health and Human Servs.*, 915 F.2d 186, 189 (6th Cir.1990). In response, the vocational expert identified more than 10,000 unskilled, light jobs in the state that Moss could still perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still

available to him. *See Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir.1999). Hence, there was substantial evidence to support the Commissioner's ultimate determination that Moss was not disabled.

Moss primarily argues that the ALJ was biased and that he did not employ the proper legal standards in developing the record. However, he has alleged no more than harmless error that does not provide a sufficient basis for reversing the Commissioner's decision. *See Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir.1988). Moss's argument also fails because a careful review of the hearing transcript and the ALJ's opinion reveals no significant evidence of judicial bias. *See Schweiker v. McClure,* 456 U.S. 188, 195–97, 102 S.Ct. 1665, 72 L.Ed.2d 1 (1982).

Moss argues that the ALJ violated the applicable regulations when he ordered a consultative psychological examination by Dr. Amble in 1996. However, the ALJ's actions were consistent with the regulations, as there was a conflict in the medical record regarding the severity of Moss's mental impairments. *See* 20 C.F.R. §§ 404.1519a(b)(4) *and* 416.919a(b)(4) (1997). Hence, the ALJ did not abuse his discretion by contacting Dr. Amble, a psychologist who had previously examined Moss in 1993. Moss also argues that the ALJ did not make sufficient findings to support his decision to order a consultative examination, but he has not cited any persuasive authority that requires specific factual findings in this situation.

Moss argues that his attorney was not allowed to ask the medical expert to "quantify" what the expert meant by a moderate restriction, "either on a one to ten scale or some similar manner." Moss argues that counsel's inability to raise this question allowed the ALJ to pose an improper hypothetical question to the vocational expert that was based on the medical expert's ambiguous opinion. However,

Dr. Anderson later testified that he had attempted to use definitions that were consistent with the regulations, and the regulations indicate that a moderate mental impairment is equivalent to a three on a five-point scale. 20 C.F.R. 404.1520a(b)(3) *and* 416.920a(b)(3) (1997). Thus, Moss's argument is unpersuasive because his attorney ultimately received an answer to the question that he had posed. *See Flatford v. Chater,* 93 F.3d 1296, 1307 (6th Cir.1996).

We have considered the other arguments in Moss's brief, and they are all unavailing.

Accordingly, the district court's judgment is affirmed.