**Linda ENTLER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

**No. 02–4401.**

United States Court of Appeals, Sixth Circuit.

Sept. 8, 2003.

James Roy Williams, Young, Reverman & Mazzei, Cincinnati, OH, Gary M. Blumenthal, Horenstein, Nicholson & Blumenthal, Dayton, OH, for Plaintiff–Appellant.

Depak Sathy, Office of the General Counsel, Chicago, IL, Randall E. Yontz, U.S. Attorney's Office, Columbus, OH, for Defendant–Appellee.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Linda Entler appeals a district court judgment that affirmed the Commissioner's denial of her application for Social Security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Entler alleged that she became disabled in April 1997, mainly due to depression and pain that were residual to back surgery. An Administrative Law Judge ("ALJ") found that she had severe impairments that precluded her past work, even though her condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. The ALJ also found that Entler was not fully credible and that she could still perform a limited range of light and sedentary work. Thus, the ALJ relied on the testimony of a vocational expert ("VE") to find that she was not disabled because a significant number of jobs were still available to her. This opinion became the final decision of the Commissioner when the Appeals Council declined further review.

Entler filed a timely complaint in federal court, and a magistrate judge recommended that judgment be awarded to the Commissioner. The district court adopted this recommendation and dismissed the case on October 1, 2002. It is from this judgment that Entler now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir.1993).

■ Entler argues that the ALJ did not adequately consider her radiculopathy and chronic pain disorder. However, a consulting physician, Dr. Caldwell, noted Entler's pain and radiculopathy when she completed a residual functional capacity assessment in April 1998, and concluded that Entler retained the capacity to perform the exertional demands of light work with limited climbing, stooping and crouching. Dr. Colmey reviewed the record and agreed with Dr. Caldwell's assessment. Dr. Caldwell's report is also consistent with a 1998 MRI, which revealed a "stable appearing post operative spine ... [and] no evidence of a disc herniation at any included scan level either recurrent or residual." A consulting psychologist, Dr. Meyer, also considered the effects of Entler's pain and concluded that she was not markedly limited in any of the non-exertional skills that were related to her ability to work. This conclusion was subsequently affirmed by Dr. Rizzo. These consulting reports provide substantial evidence to support the ALJ's finding that Entler could still perform the exertional demands of a limited range of light work. *See Hardaway v. Secretary of Health and Human Servs.,* 823 F.2d 922, 927 (6th Cir. 1987).

■ Entler argues that the ALJ did not give sufficient weight to the opinions of other physicians who had examined and treated her. The opinion of a treating physician is afforded great weight if it is supported by sufficient clinical findings.

*Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.* In light of the conflicting evidence in the medical record, we conclude that the ALJ gave adequate deference to the opinions of the examining physicians by finding that Entler retained the ability to perform only a limited range of light and sedentary work. *See id.; Bogle*, 998 F.2d at 347–48.

Entler relies on the report of her family physician. Dr. Bennett, who completed an insurance form which indicated that she was unable to work. However, the ALJ properly noted that this report was focused on Entler's ability to perform her prior job in an automobile plant. Thus, the ALJ gave adequate deference to Dr. Bennett's opinion by finding that Entler could no longer perform her past work. Entler also cites the report of a consulting physician. Dr. Aina, who completed a residual functional capacity form which indicated that she could not perform the exertional demands of light or even sedentary work. The ALJ concluded that these limitations were not well-supported by the objective findings in Dr. Aina's examination and other examinations that were performed around the same time. Thus, the ALJ gave adequate deference to Dr. Aina's report by including some of her specific limitations in the hypothetical questions that he posed to the VE.

■ Entler argues that the ALJ erred by finding that she did not have a disabling psychological impairment. She relies on the psychiatric report of Dr. Onady who diagnosed her with major depression and a severe pain disorder that limited her ability to perform several work-related activities. She also cites the psychological report of Dr. Bromberg, who indicated that she could not perform any significant work-related activity. The ALJ found that this report was not consistent with testing which indicated that Entler may have exaggerated her symptoms and that her memory, attention and concentration were all in the average range. Thus, the ALJ gave adequate deference to the reports of Drs. Onady and Bromberg by posing a hypothetical question to the VE that effectively limited Entler to low stress jobs. We note that this limitation was consistent with the 1998 report of Floyd Sours, a consulting psychologist.

■ Entler also argues that the ALJ erred by discounting her allegations of disabling pain and depression. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531. Substantial evidence supports the ALJ's findings here because Entler's allegations are not fully supported by the medical record. *See id.* at 531–32; *Bogle*, 998 F.2d at 348. In addition, Entler's testimony is contradicted by the description of her activities that she gave during her psychological examination with Mr. Sours.

Since Entler could not perform her past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to her. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). Thus, the ALJ posed the following hypothetical question to the VE:

Q. Mr. Brauning, let's assume, first, the list limiting functional capacity found in Exhibits 30, 33, and 34 [the reports of Drs. Caldwell, Colmey & Rizzo]. Let's assume that hypothetical person is able to perform at the light exertional level alternating positions, not climbing ladders or working at unprotected heights, only occasionally climbing stairs, stooping, and crouching. This hypothetical

person should have low stress jobs. By low stress. I mean jobs that do not in entail the risk of death on the job, production quotas, or dealing with the public. Let's also assume no right foot controls. Are there any jobs that fit in this hypothetical?

The ALJ also asked the VE to assume that the hypothetical claimant was unable to push and pull.

■ Entler now argues that this hypothetical question did not accurately described her limitations. However, the assumptions in the ALJ's question were adequately supported by the conflicting reports in the medical record. *See Hardaway*, 823 F.2d at 927–28. In response, the VE identified at least 10,700 light and sedentary jobs that Entler could perform in the regional economy. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to her, even if she could not perform her past work. *See Harmon*, 168 F.3d at 291–92. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Entler was not entitled to disability benefits.

Accordingly, the district court's judgment is affirmed.