**Robert G. CRONGEYER,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.**

**No. 03–1662.**

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Robert G. Crongeyer, Dearborn, MI, Kenneth F. Laritz, Warren, MI, for Plaintiff-Appellant.

Ayrie Moore, Edward P. Studzinski, Chicago, IL, Francis L. Zebot, Asst. U.S. Attorney, Detroit, MI, for Defendant-Appellee.

Before COLE and CLAY, Circuit Judges; and QUIST, District Judge.*

### ORDER

Robert G. Crongeyer appeals pro se from a district court judgment that affirmed the denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Crongeyer alleged that he became disabled in 1992, when he injured his left shoulder, arm, back and neck. An Administrative Law Judge ("ALJ") found that he had not engaged in significant gainful activity between the alleged onset of his disability and April of 1998, when his insured status expired. The ALJ found that Crongeyer had severe impairments, consisting of a rotator cuff tear and neck pain, even though his condition was not equal to any of the impairments that are described in Appendix 1 to the regulations. The ALJ also found that these impairments prevented Crongeyer from performing any of his past relevant work. These findings are not in dispute.

However, the ALJ also found that Crongeyer was not fully credible and that he was still able to perform a limited but significant range of light and sedentary work. Thus, the ALJ relied on the testimony of a vocational expert ("VE") to find that Crongeyer was not disabled because a significant number of jobs were still available to him. This opinion became the final decision of the Commissioner on November 9, 2000, when the Appeals Council declined further review.

A magistrate judge recommended that the Commissioner's motion for summary judgment be granted. The district court adopted this recommendation over Crongeyer's objections, and dismissed the case on March 24, 2003. It is from this judgment that he now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evi-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

dence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

■ The ALJ found that Crongeyer retained the residual functional capacity to perform a limited range of light work during the period that he remained insured. *See* 20 C.F.R. § 404.1567(b). This finding is not specifically contradicted by any evidence in the medical record. It is also consistent with the opinion of a treating orthopaedist, Dr. Suarez, who reported as follows approximately six months after Crongeyer's rotator cuff was surgically repaired:

> Right now patient would be able to do a job with light duty on the LUE as follows: Not over 10–15 lbs. lifting. No excessive pushing, pulling. No prolonged driving of a truck, probably not over a half an hour. . . .

In August of 1993, Dr. Suarez reported that Crongeyer had a full range of motion, that his strength was close to normal, and that the working of his hand was totally normal.

Crongeyer now argues that his medical condition deteriorated in 1995. However, he has waived this argument by failing to raise it in his objections to the magistrate judge's report. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995). There are no equitable reasons for creating an exception to this waiver rule, as the ALJ's finding regarding Crongeyer's residual functional capacity is supported by substantial evidence. In this regard, we note that the

ALJ's finding is also supported by Crongeyer's description of his activities, which included driving, housecleaning, mowing the lawn, childcare and lifting his twenty-pound daughter approximately six times a day. *See Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir.1993).

■ Crongeyer argues that the ALJ erred by discounting his testimony that he was required to lie down for protracted periods throughout the day. However, Crongeyer's allegations are not contradicted by the medical record or the description of his activities that he gave during his administrative hearing. Hence, there is substantial support for the ALJ's credibility assessment. *See Walters*, 127 F.3d at 531; *Bogle*, 998 F.2d at 348.

■ Since Crongeyer could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). Thus, the ALJ based her finding that Crongeyer was not disabled on the VE's response to the following hypothetical question, later clarifying that the hypothetical claimant could not lift more than twenty pounds:

> Q. Assume an individual is . . . 49 years of age with three years of college and the past relevant work record you summarized. And I find that the hypothetical individual can perform work with the following restrictions. No overhead . . . lifting or reaching with left arm. No pushing or pulling with left arm. No repetitive turning or twisting of the head and neck. This is in a right hand dominant person. A simple repetitive task. . . .
>
> . . . .
>
> Q. Are there any jobs that exist in the national economy for that individual?

Crongeyer now argues that this question did not accurately describe his impairments and limitations. However, the as-

sumptions in the ALJ's hypothetical question were adequately supported by the medical record and Crongeyer's own description of the activities that he regularly performed. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir.2001).

In response to the ALJ's question, the VE identified approximately 38,000 light jobs and sedentary jobs that Crongeyer could perform in the regional economy. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to him, even if he could not perform his past work. *See Harmon,* 168 F.3d at 291–92. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Crongeyer was not entitled to disability benefits.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.