**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-2151**

_____

SYLVIA N. MCCALL,

               Plaintiff - Appellant,

     v.

ANDREW SAUL,

               Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:19-cv-00428-DJN)

_____

Submitted:  April 7, 2021                                Decided:  April 23, 2021

_____

Before GREGORY, Chief Judge, QUATTLEBAUM, Circuit Judge, and SHEDD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles Randolph Sullivan, HUNTON ANDREWS KURTH, LLP, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Jonathan H. Hambrick Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvia N. McCall appeals from the district court's order upholding the denial of McCall's application for disability benefits. On appeal, she asserts that the Administrative Law Judge's (ALJ) finding that she could perform other work which exists in significant numbers in the national economy was not supported by substantial evidence. Specifically, she asserts that the lack of evidence that work existed regionally that she could perform rendered the evidence insufficient. We disagree and, thus, affirm.

In determining that a claimant is not disabled, the ALJ needs to find *inter alia* that the claimant can perform "work which exists in significant numbers" in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Hays v. Sullivan*, 907 F.2d 1453, 1458 (4th Cir. 1990) ("[A]n individual . . . who is capable of working in the national economy is not disabled under the [Social Security] Act [("Act")]"). The SSA defines "'work which exists in the national economy'" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). Corresponding regulations also reiterate that "work exists in the national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a). "Isolated jobs that exist only in very limited numbers and relatively few locations outside of the region where [the claimant] lives are not considered work which exists in the national economy." 20 C.F.R. § 404.1566(b). However, "[t]he Commissioner is not required to show that job opportunities exist within the local area." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir.

2

1999); *Pass v. Chater*, 65 F.3d 1200, 1205 n.4 (4th Cir. 1995) (noting that courts "are not to be concerned about the availability of jobs in the community").

We hold that evidence of jobs existing nationally constitutes evidence of work existing in several regions of the country, at least where there is nothing in the number of jobs or the nature of the jobs identified to indicate that those jobs would exist only in limited numbers in isolated regions of the country. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that evidence of 25,000 jobs nationwide is a large enough number to represent a significant number of jobs in several regions of the country); *Vining v. Astrue*, 720 F. Supp.2d 126, 138 (D. Me. 2010) ("[C]ourts have overlooked an absence of testimony that jobs do exist 'in several regions of the country' when 'a reasonable mind could conclude' that they do."). Here, the vocational expert testified that McCall was able to work as a surveillance monitor, a position which constituted 81,000 jobs nationwide. Nothing about a surveillance monitoring job suggests that such jobs would be isolated to only a few locations, and McCall does not argue otherwise. Moreover, the total number of jobs identified here is large enough to infer that the jobs were available in several regions of the country.

Accordingly, substantial evidence supported the conclusion that there is work existing in "several regions of the country" that McCall can perform. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3